No. 70,831

STATE OF KANSAS, *Appellee*, v. ANTHONY SOLOMON, *Appellant.*
(891 P.2d 407)

*Hazel Haupt,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Kevin C. Fletcher,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

Opinion filed March 10, 1995.

The opinion of the court was delivered by

HOLMES, C.J.: Anthony Solomon appeals from the district court's denial of his motion to withdraw his plea of no contest to one count of possession of cocaine with intent to sell within 1,000 feet of a school, in violation of K.S.A. 65-4127a, a class B felony, and from the sentence imposed. We affirm.

On October 13, 1992, Anthony Solomon was charged with possession of cocaine with intent to sell within 1,000 feet of a school, possession of cocaine without a tax stamp (K.S.A. 79-5208), and unlawful possession of a firearm (K.S.A. 1992 Supp. 21-4204). Following a preliminary hearing, the defendant pled not guilty to all three charges.

On July 26, 1993, the date set for jury trial, defense counsel informed the court that the defendant wished to change his plea. After the court informed the defendant he had the right to a jury trial, he was presumed innocent, the State had the burden of proving his guilt, and he had the right to appeal from a guilty verdict, the defendant indicated he did not wish to change his plea that day. In response, the court told him the jury was waiting in the hallway and a trial would be held.

At that point, defense counsel explained that the defendant was on parole from Oklahoma and was scheduled to report to his parole officer the next week. The defendant did not want another

conviction on his record, as it would probably result in the revocation of his parole in Oklahoma. Defense counsel requested that the court give the defendant the opportunity to plead, determine whether the plea was knowingly, intelligently, and voluntarily made, and then wait to make a finding of guilt until the defendant returned from Oklahoma. The court approved the request.

The prosecutor reviewed the terms of the plea agreement, which provided that, in exchange for a plea, the State would drop all charges except for possession of cocaine with intent to sell within 1,000 feet of a school and further agree not to refile charges for sale of cocaine within 1,000 feet of a school in another case. The State agreed not to request a fine but made no agreement regarding sentencing or sentence modification. When the defendant voiced some confusion over the terms of the plea agreement, the court declared a recess so the defendant could consult with his trial counsel. Following the recess, the defendant stated he understood all the terms of the agreement.

The trial court then inquired of the defendant: (1) if he had been threatened to change his plea (he had not); (2) if he had been promised anything good would happen if he changed his plea (he had been promised "nothing good"); (3) if he had been promised probation (he had not); (4) if he understood the charges (he did); and (5) if he understood the maximum penalty was life imprisonment or a $10,000 fine or both (he did). When the court asked how he wished to plead, the defendant stated, "No contest." The court also advised the defendant of the possible effect of the sentencing guidelines upon any sentence imposed.

After the State provided a factual basis for the plea, the court found that the defendant's plea was knowingly, voluntarily, and intelligently made. The court, in accordance with the defendant's request, took the matter under advisement until after the defendant returned from his parole hearing in Oklahoma. The court also ordered that the presentence investigation be commenced.

On September 3, 1993, the defendant appeared before the court for sentencing. When the court asked if there was any reason why sentence should not be imposed, neither party reminded

the court that it had deferred the finding of guilt at the prior hearing.

Following allocution, the court advised the defendant that the statutes required it to consider certain factors in sentencing the defendant. The court then stated that the only factor favorable to the defendant was his age of 24. The court noted the defendant's two prior convictions for selling drugs and that the present crime was committed while the defendant was on probation or parole from the prior offenses. The court noted the defendant was not addicted to drugs and sold drugs solely to make money, and that in doing so the defendant accepted food stamps for drugs. In response to the defendant's statements that he was a young black man with six children and had to make a living, the court stated he was not a good example to his children and there were other ways for him to support himself and his family. The court noted the defendant had put himself in this position and that it had to send a message to other drug dealers that they would be punished. The court imposed the maximum sentence of 15 years to life imprisonment.

Later that day, after the sentencing hearing had concluded, defense counsel reminded the court that it had not made a finding of guilt prior to imposing sentence. Court was reconvened and, with all parties present, the court reviewed the transcript of the plea hearing proceedings. The court then formally pronounced the defendant guilty and proceeded to resentence the defendant. During the procedure the defendant advised the court he wanted to withdraw his plea because he had not understood the proceedings and had not made the plea knowingly, intelligently, and voluntarily. Lengthy arguments from counsel and statements from the defendant followed. After completing the sentencing process the court denied the defendant's oral motion to set aside the plea and again sentenced the defendant to 15 years to life. The court also directed the defendant to file a written motion to withdraw the plea. During the arguments and discussion on the defendant's attempt to orally withdraw his plea, the only issue raised was that the defendant was misled as to the sentence he would receive and that he understood he would get a minimum sentence. The

defendant asserted his trial counsel had misled him and had urged him to plead rather than go to trial.

The defendant's trial counsel, Joseph L. McCarville, III, filed a written motion to withdraw the no contest plea and then was allowed to withdraw as counsel for the defendant in anticipation of being called as a witness at the hearing on the motion.

On September 14, 1993, a hearing was held on the defendant's motion to withdraw his plea. McCarville was replaced by David F. Holmes, of Hutchinson, upon the defendant's request. The defendant testified that, during the recess at the original plea hearing, he told McCarville he did not want to surrender his rights and get the maximum; McCarville expected the defendant would get minimal time and did not expect anything near the maximum; McCarville told him he would "be looking at something like a 3 to 10 tops"; and McCarville believed it would be in his best interests to plead because the other charges would be dropped and he would not have to worry about spending a lot of time in prison. The defendant asserted he changed his plea based solely on McCarville's advice.

McCarville was then called as a witness and testified that beginning in May 1993, he discussed the possibility of a plea with the defendant and had sent a copy of the State's offer to the defendant on June 3, June 30, and again on July 16. The defendant was out on bond at the time and did not respond. When counsel met with the defendant the week before trial was scheduled, the defendant indicated he would change his plea and not go to trial. Counsel testified he explained the charges, maximum penalties, and the State's offer. The defendant was concerned about what the judge would do and wanted the State to recommend something less than the maximum. McCarville explained that he could not get the State to recommend anything less and that the sentence was up to the judge. McCarville said he could not make any deals with the judge.

McCarville testified that, during the recess at the plea hearing, the defendant was upset because the judge was emphasizing the maximum sentence of life imprisonment. The defendant believed the judge had already made up his mind and was going to give

him the maximum sentence. McCarville explained to the defendant that the court had not pre-judged the case but wanted the defendant to understand the possible penalty. Counsel testified further that he did not tell the defendant he would probably be sentenced to 3 to 10 years but that he hoped he would receive that sentence and would recommend it at sentencing. In fact, the minimum sentence for a class B felony is 5 to 20 years, K.S.A. 21-4501(b), which the transcript reflects was the actual recommendation of counsel at the sentencing hearing.

The only arguments made at the hearing on the motion to withdraw the plea were based upon the defendant's assertions he thought he would get a minimum sentence of no more than 3 to 10 years, that his counsel led him to believe he would get such a sentence, and counsel was in error in advising the defendant the minimum was 3 to 10 years. No other deficiencies in, or objections to, the plea and sentencing were raised in support of the motion to withdraw the plea.

Once again the court went through a lengthy review of the transcript and the prior proceedings and then found this was a classic case of a the defendant trying to withdraw an otherwise valid plea after receiving a maximum sentence. The court then denied the motion to set aside the plea, and this appeal followed.

At the outset the State, based upon the provisions of K.S.A. 22-3602(a) and our discussion in *State v. Larry,* 252 Kan. 92, 843 P.2d 198 (1992), raises an issue questioning our jurisdiction to hear this appeal. K.S.A. 22-3602(a) provides in part:

"No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere,* except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."

In *Larry,* this court considered a direct appeal from a plea of guilty by the defendant. We considered the defendant's arguments on the merits and found no abuse of discretion by the trial court in refusing to allow the withdrawal of the plea. The court, in discussing the nature of the appeal, stated:

"An appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court. A defendant is required

to be sentenced without unreasonable delay after conviction by a judge or jury. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of the right to appeal. K.S.A. 22-3424(5). A defendant, however, may not appeal from a judgment of conviction upon a plea of guilty or nolo contendere. K.S.A. 22-3602(a)." 252 Kan. at 95.

In syllabus ¶ 2 the court held: "No appeal shall be taken by a defendant from a plea of guilty before a district judge. K.S.A. 22-3602(a)."

The statements made by the court in *Larry* thus appear inconsistent with the action taken by the court in considering the appeal on the merits. We have long recognized certain exceptions to the broad language of K.S.A. 22-3602(a). In the recent case of *State v. McDaniel,* 255 Kan. 756, 877 P.2d 961 (1994), this court was faced with a direct appeal from the denial of a motion to withdraw a plea of guilty to first-degree murder. In discussing the application of K.S.A. 22-3602(a), this court stated:

"K.S.A. 1993 Supp. 22-3602 grants a defendant an appeal 'as a matter of right from any judgment against the defendant in the district court.' However, that statute precludes appeals 'from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere,* except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto.'

"K.S.A. 22-3210(d) permits the trial court to set aside the judgment of conviction and allow a defendant to withdraw his or her plea of guilty or nolo contendere before sentencing for good cause shown or after sentencing to correct manifest injustice. This court has previously heard and decided direct appeals from a district court's refusal to permit withdrawal of a plea of guilty or nolo contendere without questioning jurisdiction. [Citations omitted.] Implicit in the legislature's enactment of K.S.A. 22-3210(d), permitting withdrawal of a plea of guilty or nolo contendere independent of K.S.A. 60-1507, is the right to a direct appeal from the trial court's denial of a motion to withdraw plea. [Citations omitted.] . . . We hold K.S.A. 1993 Supp. 22-3602 does not preclude a defendant who has pleaded guilty or nolo contendere from taking a direct appeal from the district court's denial of a motion to withdraw the plea.

. . . .

"This court has permitted direct appeals after a plea of guilty or nolo contendere. [Citations omitted.] Though these cases relate to direct appeal concerning sentencing issues, the same rationale applies. If a defendant is permitted to seek withdrawal of his or her plea of guilty or nolo contendere independent of a K.S.A. 60-1507 motion, as K.S.A. 22-3210(d) provides, there must also be a right to a direct appeal from the denial of that motion. To require a defendant

to first file a 60-1507 motion, which would be filed in the same court which has just denied withdrawal of the plea, before being permitted to appeal from the denial of withdrawal is not in the interest of judicial economy and should not be required. By permitting a defendant to seek withdrawal of his or her plea pursuant to K.S.A. 22-3210(d), the legislature implicitly permitted that defendant to appeal from such denial, despite the appearance of 22-3602(a) to the contrary." 255 Kan. at 758-60.

The statute does not preclude us from hearing a direct appeal from a denial of a motion to withdraw a plea of guilty or nolo contendere. Although the quoted portion of our opinion and syllabus in *Larry* are correct statements of the statutory provisions of K.S.A. 22-3602(a), the opinion is modified in accordance with our later decision in *McDaniel*. We conclude we do have jurisdiction over this appeal.

The defendant raises essentially two issues on appeal: (1) Did the trial court abuse its discretion in denying his motion to withdraw his plea, and (2) did the trial court abuse its discretion in imposing the maximum sentence?

In considering the defendant's first issue we are faced with an argument as to the burden borne by the defendant on appeal. K.S.A. 22-3210(d) provides:

"A plea of guilty or *nolo contendere,* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

The defendant contends that, because the trial court failed to make a finding of guilt before imposing the initial sentence, he attempted to withdraw his plea before sentencing and the standard by which his motion should be judged is whether good cause was shown. Based on *State v. Heffelman,* 256 Kan. 384, 886 P.2d 823 (1994), the State argues the trial court's failure to orally pronounce the finding of guilt prior to the initial sentencing did not invalidate the initial sentence and the defendant's burden is to show manifest injustice.

Before sentencing, the trial court has discretion to allow withdrawal of a plea for "good cause." After sentencing, a trial court has discretion to allow withdrawal of a plea to correct "manifest injustice." K.S.A. 22-3210(d). The burden is less when a request

is made before sentencing. *State v. Harrison,* 231 Kan. 489, 494, 646 P.2d 493 (1982).

In *Heffelman,* the issue was whether the trial court erred in sentencing the defendant without entering a formal judgment of guilt in open court at the time of the acceptance of the defendant's plea. We held:

"When the record, docket entry, and subsequent actions by the court and parties indicate that the defendant intended to plead guilty, the plea was properly taken, sentencing followed, and there was no objection to the process, the failure of the judge to orally articulate an express entry of judgment of guilt will not invalidate the plea, conviction, or sentence." 256 Kan. 384, Syl. ¶ 5.

At the plea hearing in the instant case, the defendant requested that the trial court defer making a finding of guilt until after he reported to his parole officer in Oklahoma. The court granted the defendant's request and, after finding the plea was knowingly, intelligently, and voluntarily made, deferred the finding of guilt until he returned from Oklahoma. When the defendant next appeared before the court for sentencing, neither party reminded the court during the proceedings that the finding of guilt had been deferred. The court imposed sentence without objection. *Heffelman* controls the issue here, although in view of our ultimate decision the result would be the same regardless of whether the defendant's burden is to show "good cause" or "manifest injustice."

We now turn to the defendant's argument that he was denied his constitutional and statutory rights and therefore his plea was not voluntarily, knowingly, and intelligently given and, as a result, his motion to withdraw the plea should have been granted.

K.S.A. 22-3210 sets forth the requirements for accepting a plea of guilty or no contest:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

(1) The defendant or counsel for the defendant enters such plea in open court; and

(2) in felony cases the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

(4) the court is satisfied that there is a factual basis for the plea.

"(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made."

When a guilty plea is entered, the defendant waives his or her privilege against self-incrimination, the right to trial by jury, and the right to confront his or her accusers. Waiver of these rights will not be presumed on a silent record. *Boykin v. Alabama*, 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). A careful review of the record reflects that nowhere in the numerous hearings held by the trial court did it specifically advise the defendant that by pleading guilty he would be waiving his privilege against self-incrimination and his right to confront his accusers and the witnesses against him. In *Boykin*, 395 U.S. at 243, the Court stated:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination . . . . Second, is the right to trial by jury. [Citation omitted.] Third, is the right to confront one's accusers. [Citation omitted.]"

K.S.A. 22-3210 embodies the requirements of due process set forth in *Boykin*. *Trotter v. State*, 218 Kan. 266, 268, 543 P.2d 1023 (1975).

While the defendant devotes a considerable portion of his brief to the argument that his plea must be set aside because he was not advised of his privilege against self-incrimination and the right to confront his accusers, those arguments were never presented to the trial court. These issues and arguments are raised for the first time on this appeal and, therefore, are not properly before the court for consideration. See *State v. Ji*, 251 Kan. 3, 17, 832 P.2d 1176 (1992).

In *McDaniel*, the defendant appealed from the denial of a motion to withdraw his plea of guilty. In doing so he asserted the court failed to comply with the requirements of K.S.A. 22-3210. We stated:

"McDaniel argues that the district court erred in denying his motion to withdraw plea. He contends on appeal that the record does not reveal his plea was knowing and voluntary because the district court failed to comply with K.S.A. 22-3210. . . .

"McDaniel's argument in his appellate brief concerning the trial court's failure to comply with the requirements of K.S.A. 22-3210 was not presented to the trial court. A point not raised in the trial court cannot be raised for the first time on appeal. [Citations omitted.] Because McDaniel failed to present this argument to the trial court, the State has not had an opportunity to present evidence to refute McDaniel's contentions; McDaniel is therefore precluded from raising this argument on appeal." 255 Kan. at 765-66.

In *Noble v. State*, 240 Kan. 162, 727 P.2d 473 (1986), the petitioner was asserting he should be allowed to withdraw his pleas of guilty. The petitioner attempted to raise the failure of the trial court to inform him of his privilege against self-incrimination for the first time on appeal. The court stated:

"We find the petitioner's pleas were made voluntarily with an understanding of the nature of the charges. The petitioner argues he wasn't informed of the consequences of his pleas. The court informed the petitioner of and the petitioner waived his right to a trial by jury, his right to confront witnesses, his right to compel the attendance of witnesses, and his right to appeal to a certain extent. Now on appeal the petitioner argues his plea was not voluntarily and understandingly made because the arraigning court failed to inform him that by entering a plea of guilty he waived his Fifth Amendment privilege against compulsory self-incrimination. A thorough review of the petitioner's 60-1507 motion and of the transcript of the hearing on that motion discloses that the petitioner failed to raise this argument in the trial court. The petitioner cannot raise a point on appeal that was not presented to the lower court. [Citations omitted.] Therefore, we will not consider this point on appeal." 240 Kan. at 169-170.

The defendant's arguments that his plea was not voluntarily, knowingly, and intelligently given because he had not been advised of his privilege against self-incrimination and his right to confront his accusers were never raised in the trial court and therefore are not properly before this court for consideration.

Next, the defendant asserts that he was induced to plead nolo contendere because of his counsel's misrepresentations and incorrect advice as to the sentence he would probably receive. In doing, so he argues his counsel told him he would be looking at "3 to 10 tops," which was an incorrect minimum sentence for a

class B felony. As a result, he contends his rights to effective counsel and a jury trial were violated.

To set aside a guilty plea because ineffective assistance of counsel has rendered the plea involuntary, the defendant must show that counsel's performance fell below the standard of reasonableness and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985) (adapting the test from *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 [1984]).

Defense counsel has an obligation to advise a defendant as to the range of permissible penalties and to discuss the possible choices available to the defendant. *Weigel v. State*, 207 Kan. 614, 615, 485 P.2d 1347 (1971). A mere inaccurate prediction by defense counsel, however, does not constitute ineffective assistance of counsel. See *McMann v. Richardson*, 397 U.S. 759, 770, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970).

The trial court found withdrawal of the plea was not necessary because knowledge of the minimum sentence was not constitutionally required. The court also found the defendant's only concerns at the plea hearing were that he did not want to have a felony conviction on his record at that time and that the State would be free to argue against any motion to modify. The defendant was advised repeatedly of the maximum sentence and penalties he could receive.

The defendant argues the record does not disclose that the minimum penalty was ever correctly conveyed to him. While McCarville testified at the hearing on the motion to withdraw the plea that he informed the defendant the minimum sentence was 3 to 10 years' imprisonment and that he recommended that sentence to the court, the sentencing transcript reflects that McCarville actually recommended 5 to 20 years' imprisonment, the correct minimum sentence for a class B felony.

Contrary to the defendant's arguments, the record, when viewed in its entirety, indicates the plea was knowingly and voluntarily made. The defendant was informed that, by changing his

plea, he would waive his right to be presumed innocent, his right to a jury trial, and his right to appeal from a jury conviction. At the plea hearing, the defendant stated he understood the charges and the plea agreement, he had not been promised "anything good," he had not been promised probation, and he understood the maximum penalty was life imprisonment.

McCarville explained to the defendant that it would be in his best interests to plead because, based on the evidence presented at the preliminary hearing, the jury was likely to convict him and he would be more likely to receive a sentence less than the maximum if the judge did not see the evidence firsthand. McCarville informed the defendant the judge was not bound by the State's recommendation, nor could they make any deals with the judge. In response to the defendant's concerns that the State would recommend the maximum sentence, McCarville advised him the prosecutor always recommended the maximum sentence and he did not believe the recommendation carried any particular weight with the judge. As a result, he did not believe the defendant should base his decision solely on the State's position.

The defendant relies on *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986). In *Iaea*, the defendant was charged with six class A drug promotion felonies, four class B drug promotion felonies, one class C firearm possession felony, and one petty misdemeanor. Counsel incorrectly advised the defendant that he was subject to the mandatory minimum sentencing law (which required a minimum sentence of 10 years) and could avoid it only by pleading guilty. Counsel also advised him the chance of receiving an extended or life sentence was practically nonexistent and he had a chance to receive probation if he pled guilty. Additionally, counsel threatened to withdraw if the defendant would not plead guilty. The defendant's brother threatened to withdraw the bail he had posted to secure the defendant's release if the defendant did not plead guilty. The defendant pled guilty and was sentenced to three life sentences, a 20-year sentence, and a 10-year sentence. On appeal, the *Iaea* court held that defense counsel's gross mischaracterization of the likely outcome, combined with the erroneous advice on the possible effects of going to trial, fell below

the required level of competence. The court remanded the case to determine if the defendant showed any prejudice from counsel's conduct.

As in *Iaea*, the defendant argues he was "grossly misadvised" of the minimum sentence for a class B felony. Importantly, the defendant never indicated to McCarville that he would plead only if 3 to 10 years' imprisonment was the maximum sentence he would receive. Furthermore, the record does not support the defendant's contention that McCarville promised him a certain sentence. At the plea hearing, McCarville informed the defendant he did not know what sentence the judge would impose. When the record is viewed in its entirety, McCarville's advice that the defendant was more likely to receive something less than the maximum if he pled no contest was simply an inaccurate prediction. In addition, McCarville's erroneous statement to the defendant as to the minimum sentence was not a major or controlling factor in the defendant's decision to plead nolo contendere.

A careful review of the entire record reveals that the court did not abuse its discretion in finding that the defendant's plea was voluntarily, knowingly, and intelligently given and that the motion to withdraw the plea should be denied. As stated by the trial court, "This is a classic case of after the fact when a defendant gets a maximum sentence he tries to withdraw the plea." We have carefully considered all of the arguments on this issue which are properly before the court and find them to lack merit.

The defendant next argues the trial court abused its discretion in imposing the maximum sentence of 15 years to life imprisonment. He argues the trial court's use of him as an example to the drug community ignored the mandate of individual sentencing and the policy of rehabilitation. He also contends the court's use of certain information at sentencing was prejudicial, improper, and irrelevant.

A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive. *State v. McDonald,* 250 Kan. 73, Syl. ¶ 4, 824 P.2d 941 (1992). "K.S.A. 21-4606(2) sets forth seven factors which, while not con-

trolling, are to be considered by the court in fixing the minimum term of imprisonment which is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime." 250 Kan. at 82.

The factors set forth in K.S.A. 21-4606(2) must be considered when imposing a sentence in excess of the minimum. K.S.A. 21-4601 sets forth the objectives of the corrections system. The sentencing court is not required to consider those objectives as it must the factors in K.S.A. 21-4606. *State v. Richard,* 252 Kan. 872, 880, 850 P.2d. 844 (1993).

When imposing sentence, the trial court specifically stated it was considering the statutory factors. The court noted the defendant was only 24 but already had three convictions for selling drugs and committed the present offense while on probation or parole for the prior crimes. The defendant was not addicted to cocaine but was selling it for profit and as a way to make a living. The evidence indicated the defendant accepted food stamps in exchange for cocaine. The court emphasized the defendant had chosen his lifestyle and his conviction was his fault alone. The court felt it had to send a message to people in the defendant's position that selling drugs would not be tolerated. Despite this statement, the court properly considered the statutory factors and tailored a sentence to fit the defendant's individual needs, the seriousness of the offense, and the public safety. The trial court did not abuse its discretion in imposing the maximum sentence, and there is no contention that the sentence was the result of partiality, prejudice, oppression, or corrupt motive.

The defendant argues the trial court's statement regarding the number of children he had fathered was improper. He argues incarcerating him to prevent him from fathering additional children is unconstitutional. The defendant takes the trial court's statements out of context. The defendant told the court he was a young black man with six children and had to make a living. In response, the court told him he had not been a good example to his children and there were other ways to make a living besides selling drugs. While the court did comment on the fact the children were born to four different women and speculated whether

all the children knew the defendant, there is nothing to indicate the sentence imposed was to prevent the defendant from fathering additional children. Such a conclusion is rank speculation by appellate counsel. The argument is without merit.

Finally, the defendant argues the testimony of an Enid, Oklahoma police officer at the sentencing hearing was irrelevant and caused the court to use him as an example. The officer testified as to the defendant's prior convictions in Oklahoma for selling drugs. The testimony was clearly relevant to the factors the court was required to consider in sentencing the defendant. No abuse of discretion or error in the sentence imposed has been shown.

The judgment is affirmed.