NOT DESIGNATED FOR PUBLICATION

Nos. 115,321
115,322

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WESLEY ALAN SMITH, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed January 26, 2018. Appeal dismissed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM:  Wesley A. Smith Jr. attempts to appeal his convictions in two separate cases of refusal to submit to a test in violation of K.S.A. 2016 Supp. 8-1025, claiming the statute upon which the convictions are based is unconstitutional. However, Smith's convictions in district court were the result of guilty pleas. Finding that we lack jurisdiction over the appeal of Smith's convictions resulting from guilty pleas, we dismiss this appeal.

1

On May 29, 2014, in 14CR1298, the State charged Smith with refusal to submit to a test to determine the presence of alcohol, in violation of K.S.A. 2013 Supp. 8-1025; driving while a habitual violator, in violation of K.S.A. 2013 Supp. 8-285 and K.S.A. 2013 Supp. 8-287; and failure to signal when turning, in violation of K.S.A. 8-1548. On July 25, 2014, Smith filed a motion to dismiss the test refusal charge as being unconstitutional. The State filed a response on July 31, 2014, arguing the statute was constitutional. The district court denied Smith's motion, adopting the State's legal argument.

On March 2, 2015, pursuant to a plea agreement, Smith pled guilty to the charges of refusal to submit to an alcohol test and driving while a habitual violator. The State dismissed the failure to signal charge. The written acknowledgement of rights form, signed by Smith, stated that Smith was waiving "[t]he right to appeal my conviction to the Kansas Appellate courts." At the plea hearing, the judge explained to Smith that by pleading guilty he was waiving his right to appeal his convictions, and Smith indicated that he understood.

On June 23, 2015, following the State's recommendation and considering that Smith had six prior driving under the influence (DUI) convictions, the district court imposed concurrent 12-month jail sentences for each conviction without work release or house arrest. The district court also fined Smith $2,500 for the test refusal conviction and $500 for the driving while a habitual violator conviction.

While Smith's case was pending in 14CR1298, the State filed new charges against him in 15CR218. In this case, the State charged Smith with refusing to submit to a test to determine the presence of alcohol, in violation of K.S.A. 2013 Supp. 8-1025; driving while a habitual violator, in violation of K.S.A. 2013 Supp. 8-285 and K.S.A. 2013 Supp. 8-287; and driving on the left side of a roadway, in violation of K.S.A. 8-1514. The State later added the charge of DUI, in violation of K.S.A. 2013 Supp. 8-1567. Smith again

filed a motion to dismiss his test refusal charge as being unconstitutional, but the district court denied the motion.

On September 18, 2015, pursuant to a plea agreement, Smith pled guilty to the test refusal and DUI charges in 15CR218. In return, the State dismissed the remaining charges. The written acknowledgement of rights form, signed by Smith, again stated that Smith was waiving "[t]he right to appeal my conviction to the Kansas Appellate courts." At the plea hearing, the judge explained to Smith that he was giving up "the right to appeal, except as to sentencing." Smith stated that he understood.

At sentencing on November 4, 2015, the district court imposed a 12-month jail sentence for each conviction to run concurrently. The district court also fined Smith $2,500 for each conviction. The district court ordered the sentence in 15CR218 to run consecutive to the sentence in 14CR1298. Smith later filed a notice of appeal in each case, and this court consolidated the cases for appeal.

On appeal, Smith is only challenging his test refusal convictions. He filed his opening brief on June 1, 2016, while the mandate in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), was stayed pending a motion for rehearing and before the decision in *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*), was issued. As a result, Smith's opening brief, in its entirety, argues that 8-1025 is unconstitutional. That issue is now moot, as our Supreme Court has held that K.S.A. 2016 Supp. 8-1025 is facially unconstitutional. *Ryce II*, 306 Kan. at 683.

After Smith filed his opening brief, the State asked this court to stay the proceedings pending our Supreme Court's decision in *Ryce II*, and this court granted the stay. Then on August 2, 2017, the State moved to involuntarily dismiss Smith's appeal because he was appealing the underlying convictions resulting from his guilty pleas. On

3

August 28, 2017, this court denied the motion to dismiss on present showing and ordered the parties to brief the jurisdictional issue. That same day, this court lifted the stay.

In its response brief, filed on September 27, 2017, the State contends that Smith is jurisdictionally barred from appealing his convictions. In particular, the State argues that because Smith pled guilty to his crimes and never filed a motion to withdraw his pleas, K.S.A. 2016 Supp. 22-3602(a) jurisdictionally bars his appeal. The State concedes that K.S.A. 2016 Supp. 8-1025, the statute upon which Smith's convictions were based, was found to be facially unconstitutional by our Supreme Court in *Ryce II*; nevertheless, the State asks this court to dismiss Smith's appeal for lack of jurisdiction.

On October 10, 2017, Smith filed his reply brief. No longer having to argue that K.S.A. 2016 Supp. 8-1025 is unconstitutional, Smith claims that a "guilty plea does not deprive an appellate court of jurisdiction to review a defendant's conviction under a facially unconstitutional criminal statute." Smith asks this court to reverse his convictions for refusal to submit to a test in violation of 8-1025.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919. In Kansas, criminal defendants are granted an appeal as a matter of statutory right from any judgment against them. See K.S.A. 2016 Supp. 22-3602. However, K.S.A. 2016 Supp. 22-3602(a) broadly prohibits an appeal of a defendant's conviction following a guilty plea, stating in relevant part: "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere."

4

Although a defendant who pleads guilty to a crime can still appeal his or her *sentence*, K.S.A. 2016 Supp. 22-3602(a) is a jurisdictional bar to a defendant's appeal of his or her conviction resulting from a guilty plea. As a result, an accused who enters a voluntary plea of guilty waives any defects or irregularities occurring in any of the prior proceedings in district court. This is so "'even though the defects may reach constitutional dimensions.'" *State v. Edgar*, 281 Kan. 30, 39, 127 P.3d 986 (2006) (quoting *State v. Melton*, 207 Kan. 700, 713, 486 P.2d 1361 [1971]).

K.S.A. 22-3602(a) does not preclude a defendant who has pled guilty or nolo contendere from taking a direct appeal from the district court's denial of a motion to withdraw the plea. *State v. Solomon*, 257 Kan. 212, 218-19, 891 P.2d 407 (1995). In *Solomon*, the court concluded that by permitting a defendant to seek withdrawal of a plea pursuant to K.S.A. 22-3210(d), the Kansas Legislature implicitly permitted a defendant to appeal from such a denial. 257 Kan. at 218-19. But here, Smith never filed a motion to withdraw his guilty pleas in district court. Whether Smith still has time to file a motion to withdraw his guilty pleas in district court is controlled by K.S.A. 2016 Supp. 22-3210(e), and that issue is not before us in this appeal.

Returning to our facts, Smith could have preserved his constitutional challenge to K.S.A. 2016 Supp. 8-1025 for appeal by submitting each of his cases to the district court for a bench trial on stipulated facts. But by pleading guilty to the test refusal charges, Smith not only waived any defenses to the charges but he also waived his right to appeal his convictions. *Edgar*, 281 Kan. at 39; *Solomon*, 257 Kan. at 218-19. The record reflects that Smith clearly understood that he was waiving his right to appeal his convictions by pleading guilty to the test refusal charges, but he agreed to plead guilty anyway, presumably to take advantage of the plea negotiations. Now, Smith is asking this court to reverse his convictions for violating 8-1025, but without reinstating the counts that were dismissed by the State as part of the plea agreements.

5

Although Smith makes several arguments in his reply brief as to how this court has jurisdiction to review his convictions for violating an unconstitutional statute, he cites no case that provides direct authority for this court to review his convictions following a guilty plea. We conclude that none of Smith's arguments trump the statutory mandate in K.S.A. 2016 Supp. 22-3602(a) that no appeal shall be taken by a defendant from a judgment of conviction based on a plea of guilty or nolo contendere. Smith failed to preserve his constitutional challenge to K.S.A. 2016 Supp. 8-1025 by submitting his cases to the district court for a bench trial on stipulated facts. Instead, he pled guilty to the test refusal charges, and he never attempted to withdraw the guilty pleas in district court. Under these circumstances, Smith is jurisdictionally barred from appealing his convictions.

Appeal dismissed.