NOT DESIGNATED FOR PUBLICATION

No. 120,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYE WILLIAMS III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Opinion filed April 17, 2020. Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: In general Kansas appellate courts lack jurisdiction to review a defendant's conviction after the defendant pleads guilty or no contest. But if a defendant moves to withdraw his or her plea, and the district court denies the motion, this court has jurisdiction to consider an appeal from the denial. *State v. Smith*, 311 Kan. 109, Syl. ¶¶ 1, 3, 456 P.3d 1004, 2020 WL 499724 (2020). If no motion to withdraw plea is made, we lack jurisdiction to consider the appeal.

1

The police arrested Kye Williams III after he attempted to break into his sister's home. While the police were handcuffing Williams, he resisted and kicked a police officer. Williams later pled no contest to felony interference and misdemeanor battery of a law enforcement officer. The court sentenced Williams to concurrent underlying sentences and granted him probation. Williams appeals, acknowledging that this court lacks jurisdiction to review the felony conviction or sentence. But he argues the district court abused its discretion when it sentenced him for the misdemeanor. But he did not seek to withdraw his plea below and his arguments focus only on his conviction, rather than his sentence. As a result, we lack jurisdiction over his appeal.

FACTUAL AND PROCEDURAL HISTORY

In April 2018, Officer Shane Collins responded to a report of a burglary in progress. According to the report, someone was removing boards from a house's outer-window and trying to enter the home. When Collins arrived at the reported address, he saw Williams outside the house. According to Williams, his sister, Carolyn Hutchinson, owned the home and he was getting some of his property out of the house.

Another officer contacted Hutchinson and asked if she gave anyone permission to be at her house. She said that she did not. Given this, the police decided to arrest Williams.

When Collins told Williams to put his hands behind his back, Williams became upset and refused to do so. According to Collins, Williams started pushing and pulling away from the officers. At some point Williams kicked one of the police officers.

The State charged Williams with attempted burglary, felony interference with law enforcement, and misdemeanor battery of a law enforcement officer. Williams entered into a plea agreement with the State. The State agreed to dismiss the attempted burglary

2

charge in exchange for Williams' plea of no contest on the remaining two charges. Williams entered his plea and the district court accepted it, using the probable cause affidavit to find there was a factual basis supporting the plea.

As to his sentence, the district court granted Williams probation with an underlying 7-month sentence for felony interference, which was within the guidelines range given his criminal history score of H. The district court also imposed a 60-day underlying sentence on the misdemeanor battery of a law enforcement officer charge, for Williams to serve concurrent to the felony sentence. Williams timely appeals.

ANALYSIS

*Because Williams is challenging his conviction, which was the result of a no-contest plea, this court lacks jurisdiction to consider his appeal.*

The first issue this court must examine is whether it has jurisdiction to hear Williams' appeal. Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

On appeal, Williams acknowledges that this court lacks jurisdiction to hear an appeal over his felony conviction. See K.S.A. 2018 Supp. 21-6820(c) (no jurisdiction to review felony presumptive sentence or sentence resulting from plea agreement). But Williams argues this court can review his misdemeanor conviction and sentence. In support, he cites *State v. Mason*, No. 119,859, 2019 WL 2559497 (Kan. App. 2019) (unpublished opinion), where this court held it had jurisdiction to review Mason's misdemeanor conviction. This court reasoned that even though Mason was convicted and sentenced for a felony, the jurisdictional bar to review that sentence, found in K.S.A. 2018 Supp. 21-6820(c), did not bar the court from reviewing the misdemeanor portion of

his sentence because it was not a felony nor was it a presumptive sentence under the Kansas Sentencing Guidelines Act. 2019 WL 2559497, at *2.

This court's reasoning in *Mason* is persuasive. K.S.A. 2019 Supp. 21-6820(c) does not bar this court from hearing William's appeal of his misdemeanor sentence. Even so, the State argues this court lacks jurisdiction to review Williams' case because his sentence resulted from a plea.

Under K.S.A. 2019 Supp. 22-3602(a):

"No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto."

Williams pled no contest here. The case is controlled by K.S.A. 2019 Supp. 22-3602(a). While K.S.A. 2019 Supp. 22-3602(a) seems to bar any appeal from a plea, the Kansas Supreme Court has held that the district court has some discretion to vacate the judgment and withdraw the plea. See *State v. Solomon*, 257 Kan. 212, 217-19, 891 P.2d 407 (1995). If a defendant moves to withdraw his or her plea, and the district court denies the motion, this court would have jurisdiction to consider an appeal from the denial. *Smith*, 311 Kan. 109, Syl. ¶ 3. But Williams did not do so here.

That said, the Kansas Supreme Court recently reiterated that a defendant may challenge his or her *sentence* in a direct appeal, even after pleading guilty or no contest. *Smith*, 311 Kan. at 119, 456 P.3d at 1010-11, 2020 WL 499724, at *7. But Williams is challenging his conviction, not the sentence imposed. He argues that the district court abused its discretion in sentencing him "because the evidence at preliminary hearing shows what happened at Ms. Hutchinson's house was a big misunderstanding" and that

4

Williams told the court during allocution that he "'plead[ed] guilty to the things I really didn't do.'" These arguments do not seem to be contesting the sentence. Instead, they seem focused on the conviction itself. Because Williams did not try to withdraw his plea at the district court level and is not contesting his sentence, this court lacks jurisdiction to hear his appeal. See K.S.A. 2019 Supp. 22-3602(a); *Smith*, 311 Kan. 119, 456 P.3d at 1010-11, 2020 WL 499724, at *7.

*Even if this court had jurisdiction to consider this appeal, there was sufficient evidence presented to support his misdemeanor conviction and the sentence was well within statutory limits.*

Williams' sole argument on appeal is that the district court erred in sentencing him for the misdemeanor under the circumstances.

An appellate court will not disturb a criminal sentence within the statutory limits absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). A judicial action is an abuse of discretion if: (1) the action is based on an error of law, (2) the action is based on an error of fact, or (3) no reasonable person would take the view adopted by the district court. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party claiming an abuse of discretion bears the burden of showing such abuse. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In broad strokes, Williams relies on K.S.A. 2019 Supp. 21-6601, which states:

> "K.S.A. 2019 Supp. 21-6601 through 21-6629, and amendments thereto, shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in

custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

The State charged Williams with battery of a law enforcement officer done in a rude, insulting, or angry manner, a class A person misdemeanor. K.S.A. 2019 Supp. 21-5413(g)(3)(A). When sentencing someone convicted of a class A misdemeanor, the district court may impose a sentence of confinement not to exceed one year. K.S.A. 2019 Supp. 21-6602(a)(1).

As stated above, Williams' appeal focuses on the evidence supporting his conviction, as opposed to the sentence itself. For example, Williams argues the evidence presented at the preliminary hearing could not support his convictions. But the district court relied on the probable cause affidavit to find there was sufficient evidence to convict Williams after his no-contest plea. The probable cause affidavit contained evidence that Williams knowingly caused physical contact with a law enforcement officer in a rude, insulting, or angry manner—all that was needed for a court to convict him of misdemeanor battery of a law enforcement officer. See K.S.A. 2019 Supp. 21-5413(a)(2), (c)(1).

Finally, there is no evidence to support his assertion that the district court abused its discretion by sentencing him to a 60-day underlying term of imprisonment. Because the district court could have sentenced Williams to jail for a year, 60-days is well within the authorized sentencing range. See K.S.A. 2019 Supp. 21-6602(a)(1). Williams points to K.S.A. 2019 Supp. 21-6601, arguing that it emphasizes rehabilitation and public safety. But K.S.A. 2019 Supp. 21-6601 states that non-dangerous offenders "shall be dealt with by probation, suspended sentence, . . . whenever such disposition appears

practicable and not detrimental to the needs of public safety and the welfare of the offender."

The district court followed K.S.A. 2019 Supp. 21-6601 when it imposed an underlying sentence on Williams. In fact, the district court sentenced Williams to fewer days than he requested at the sentencing hearing. The district court's decision was reasonable under the circumstances.

The district court's decision to sentence Williams to a 60-day underlying term of confinement for the misdemeanor battery was not based on an error of law, an error of fact, nor unreasonable. Thus, the district court did not abuse its discretion. See *Marshall*, 303 Kan. at 445.

Appeal dismissed for lack of jurisdiction.