NOT DESIGNATED FOR PUBLICATION

No. 123,318

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH JIN YOUNG CHUNG,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed September 10, 2021. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., GARDNER and CLINE, JJ.


PER CURIAM: Joseph Jin Young Chung appeals the district court's summary denial of his postsentence motion to withdraw plea. In 2014, Chung entered into a plea agreement with the State. As a result, five of the eight charges pending against him were dismissed and he pled guilty to two counts of distribution of marijuana as well as to one count of possession of drug paraphernalia. In his motion to withdraw plea, Chung argued that his trial counsel was ineffective. In summarily dismissing motion to withdraw plea, the district court found that Chung had failed to show that he was entitled to relief. Based on our review of the record, we affirm the district court's decision.

1

On July 17, 2013, the State, through an amended complaint, charged Chung with seven felonies and one misdemeanor—ranging from possession of drug paraphernalia and illegal drugs to distribution of illegal drugs. Pursuant to a plea agreement, Chung pled guilty to two counts of distribution of marijuana and one count of possession of drug paraphernalia. In addition, the State agreed to drop the remaining counts. At the sentencing hearing, the district court inquired of Chung regarding his rights and the potential ramifications of entering the plea.

At the plea hearing, the district court specifically asked Chung the following questions on the record:

> "THE COURT:  I have received in your case, Mr. Chung, a written plea agreement. Is this your signature down at the bottom?
>
> "THE DEFENDANT:  Yes, sir.
>
> "THE COURT:  Have you personally read through now and do you understand all the terms and conditions of your plea agreement?
>
> "THE DEFENDANT:  Yes, sir.
>
> "THE COURT:  Have you had enough time to talk over the issues in your case and the plea agreement with [your attorney] here?
>
> "THE DEFENDANT:  Yes, sir.
>
> "THE COURT:  Has he answered all your questions about your case to your satisfaction, sir?
>
> "THE DEFENDANT:  Yes, sir.

"THE COURT:  Are you thoroughly satisfied with the way he has represented you so far on this case?

"THE DEFENDANT:  Yes, sir.

. . . . .

"[THE COURT:] . . . I need to point out, the [c]ourt is not obligated or required to follow the recommendations in the plea agreement. In other words, the [c]ourt does not have to be lenient with you at sentencing because of the plea agreement; you understand that?

"THE DEFENDANT:  Yes, sir.

"THE COURT:  Besides the plea agreement, has anybody made you any promises you're counting on in entering your guilty plea?

"THE DEFENDANT:  No sir.

"THE COURT:  Has anybody threatened you or coerced you into your guilty pleas today?

"THE DEFENDANT:  No, sir.

"THE COURT:  Are you under the influence of any alcohol or drugs right now?

"THE DEFENDANT:  No, sir."

The district court also advised Chung of the rights that he would be giving up by entering a plea. In addition, the district court accurately explained to him the range of sentences that he could receive if he pled guilty to the three counts. Chung indicated on the record that he voluntarily waived his rights and understood the potential sentencing

3

range. After hearing Chung's responses to its questions, the district court accepted his plea on the three counts as agreed and dismissed the remaining five counts.

Based on Chung's criminal history, he faced a lengthy presumptive prison sentence. However, as part of the plea agreement, the State agreed to recommend to the district court that it impose an aggravated sentence of 62 months on his first distribution of marijuana conviction and 12 months on his possession of drug paraphernalia conviction to run consecutive. The State also agreed to recommend a concurrent sentence of 51 months on his second distribution of marijuana conviction. In addition, Chung reserved the right to argue that all three sentences run consecutive and that he be placed on probation to be supervised by the Johnson County Therapeutic Community. Subsequently, Chung filed a motion for a dispositional departure arguing that he was a prime candidate for drug treatment.

On July 17, 2014, the district court held a sentencing hearing on Chung's guilty plea. At the hearing, the State recommended that Chung be sentenced consistent with the plea agreement. Likewise, Chung argued that he be placed on probation. After listening to the arguments and statements presented, the district court denied the request for a dispositional departure and imposed the aggravated sentence for each of the three counts. Moreover, the district court ordered that the sentences run consecutive to each other for a total prison sentence of 125 months to be followed by postrelease supervision for 36 months. Subsequently, on May 28, 2019, the district court resentenced Chung to a total prison sentence of 124 months and 36 months' postrelease supervision.

Although the procedural history reflected in the record is somewhat confusing, it appears that Chung filed two pro se postsentence motions to withdraw his plea in 2015. Evidently, these motions came to the attention of the district court at or following the resentencing in 2019. Ultimately, on August 19, 2019, the district court issued an eight-

4

page written decision in which it summarily denied Chung's pro se motions to withdraw his plea.

In dismissing Chung's ineffective assistance of counsel claim, the court analyzed the factors set forth by the Kansas Supreme Court in *State v. Edgar*, 281 Kan. 30, 127 P.3d 986 (2006). The district court also applied the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). After doing so, the district court concluded that (1) the performance of Chung's trial attorney met the objective standard of reasonableness, and (2) there was no reasonable probability that the result of the proceeding would have been different but for the alleged ineffectiveness of counsel.

In considering Chung's argument that his trial attorney told him that the sentencing judge would follow the plea agreement because "they always do," the district court found:

> "This comment is the same type of inaccurate prediction by defense counsel that [*State v. Solomon*, 257 Kan. 212, 223, 891 P.2d 407 (1995),] speaks to. . . . [T]here are no facts alleged which show the attorney's performance was below an objective standard of reasonableness; instead, the attorney simply made an inaccurate prediction about the outcome of the plea agreement. The [d]efendant was informed at the plea hearing that the judge did not have to follow the plea agreement, and it only needed to be considered at sentencing. The [d]efendant responded he understood this. Thus, even if the attorney's statement was not a prediction, the [d]efendant was nonetheless advised that the judge did not have to follow the sentencing recommendation."

Likewise, concluding that there was no reasonable probability that the results of the proceeding would have been different but for the alleged ineffectiveness of Chung's trial attorney, the district court found:

5

"[T]his allegation, along with the record, is not enough to establish a reasonable probability that but for the errors of [d]efenant's attorney, the result of the proceeding would have been different. The [d]efendant had already admitted to police that he had marijuana in his home when they searched it for a second time, and they had already found marijuana in his home when they executed a search warrant there the first time. Given this damning evidence, it is extremely unlikely that [d]efendant would not have pled guilty even if his attorney had not made the inaccurate prediction, as a jury would have likely found [d]efendant guilty of the charges."

The district court further found that "the record also shows that the plea was fairly, understandably, and voluntarily made." In support of this finding, the district court noted that the sentencing judge had followed the statutory requirements for accepting a plea under K.S.A. 22-3210. Based on its review of the record, the district court noted:

"Judge Davis followed these requirements by inquiring of the mental state of the [d]efendant, whether he understood the nature of the charges and consequences of the plea, the maximum penalties of the plea, and whether the plea was voluntary. The [d]efendant subsequently responded affirmatively to all the above questions."

On August 29, 2019, Chung filed a notice appealing the district court's summary denial of his postsentence motions to withdraw plea.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily denying his postsentence motions to withdraw plea. On appeal, Chung contends that the district court should have held an evidentiary hearing on his claim of ineffective assistance of counsel. In particular, he argues that his trial counsel misinformed him regarding the sentence the district court would impose if he entered into a plea agreement. Moreover, Chung argues that he did not benefit from entering into the plea agreement.

6

In response to Chung's arguments, the State contends that Chung cannot establish manifest injustice to withdraw his plea. Specifically, the State argues the record conclusively shows that Chung was properly advised by the district court prior to entering his plea that it was not bound to follow the sentencing recommendations set for in the plea agreement. In addition, the State argues that even though the district court did not follow the sentencing recommendations contained in the plea agreement, Chung still benefitted from entering into the plea agreement.

A postsentence motion to withdraw plea may only be granted to correct manifest injustice. K.S.A. 2020 Supp. 22-3210(d)(2). In motions involving a claim of ineffective assistance of trial counsel, Kansas courts review what are commonly known as the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Edgar*, 281 Kan. at 36. These factors are "'benchmarks for judicial discretion,'" but "should not be relied on to the 'exclusion of other factors.'" *State v. Bricker*, 292 Kan. 239, 245, 252 P.3d 118 (2011).

In other words, a movant must establish that trial counsel's performance fell below the objective standard of reasonableness in order to withdraw his or her plea following sentencing. A movant must also establish that there is a reasonable probability that—but for the alleged errors of trial counsel—the result of the proceeding would have been different. *Bricker*, 292 Kan. at 245-46. Accordingly, a movant must show that he or she would not have entered a plea and would have instead insisted on going to trial but for counsel's alleged deficient performance. *State v. Morris*, 298 Kan. 1091, 1103-04, 319 P.3d 539 (2014).

A motion to withdraw a plea may be summarily denied where the motion fails to present a substantial issue of fact or law and the files and records conclusively show that the defendant is not entitled to relief on the motion. *State v. Wilson*, 308 Kan. 516, 520-

7

21, 421 P.3d 742 (2018). It is the movant—in this case Chung—who bears the burden to allege facts sufficient to warrant a hearing. 308 Kan. at 521. When a district court summarily denies a postsentence motion to withdraw a plea, we exercise unlimited review because we have the same access to the record as the district court. 308 Kan. at 520.

Here, Chung alleges that his trial counsel told him that the sentencing judge would follow the plea agreement because "they always do." Even if we assume that trial counsel told Chung that the sentencing judge would follow the plea agreement, we find no manifest injustice based on our review of the transcript of the plea hearing. Prior to accepting Chung's plea, the judge advised him of his rights and inquired about whether he had voluntarily entered into the plea agreement with the State. During this colloquy, Chung explicitly informed the judge that nobody had made any promises to him relating to the entry of his plea other than what was set forth in the plea agreement.

Also, the transcript of the plea hearing reveals that the judge advised Chung—in a plain and unambiguous manner—prior to accepting his plea that the court was not required to follow the sentencing recommendations in the plea agreement. Specifically, the judge stated: "I need to point out, the Court is not obligated or required to follow the recommendation in the plea agreement. In other words, the Court does not have to be lenient with you at sentencing because of the plea agreement." In response, Chung told the judge that he understood. Also, the transcript of the plea hearing reflects that the judge accurately disclosed the potential sentencing range to Chung prior to accepting his plea. Once again, Chung told the judge that he understood.

In summarily dismissing Chung's motions to withdraw plea, the district court found the alleged comment made by trial counsel—that sentencing judges "always" follow the recommendations in a plea agreement—to be an inaccurate prediction. See *Solomon*, 257 Kan. at 223 ("A mere inaccurate prediction by defense counsel . . . does not

constitute ineffective assistance of counsel."). Additionally, the district court also found—based on its review of the transcript of the plea hearing—that "even if the attorney's [alleged] statement was not a prediction, [Chung] was nonetheless advised that the judge did not have to follow the sentencing recommendation."

Regardless of whether the statement allegedly made by Chung's trial counsel constitutes an "inaccurate prediction" regarding what might happen at sentencing, the record reveals that there was no manifest injustice. Rather, the transcript of the plea hearing clearly shows that prior to accepting Chung's plea, the judge made it clear that the court was "not obligated or required to follow the recommendations in the plea agreement" and that the court did "not have to be lenient to [Chung] at sentencing because of the plea agreement." As discussed above, Chung responded by telling the judge that he understood. Moreover, Chung also told the judge—prior to entering his plea—that he understood the potential sentencing range if his plea was accepted. Once again, Chung responded by telling the judge that he understood.

Consequently, we find based on a review of the record that Chung's plea was knowingly, voluntarily, and intelligibly entered. In addition, we find that even though Chung now claims that he did not benefit from entering into the plea agreement, the record shows that he benefitted by having five of the eight charges filed against him dismissed by the State. Furthermore, Chung also benefitted by the State choosing to enter into a plea agreement rather than filing a motion for an upward durational departure that potentially could have increased his sentence. Thus, we do not find Chung's argument that he received no material benefit from his plea to be persuasive.

Based on our review of the record on appeal, we find that Chung has failed to present a substantial issue of fact or law. We also find that the record conclusively shows that Chung is not entitled to relief on his motion. Furthermore, we find—based on the transcript of the plea hearing—that Chung cannot establish manifest injustice nor can he

9

establish that he would not have entered a plea but for the alleged deficient performance by trial counsel.

We, therefore, affirm the district court's summary dismissal of Chung's postsentence motions to withdraw his plea.

Affirmed.