NOT DESIGNATED FOR PUBLICATION

No. 127,385

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDY L. MARTIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR, judge. Submitted without oral argument. Opinion filed November 1, 2024. Appeal dismissed.

*Eric Kjorlie*, of Topeka, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and SCHROEDER, JJ.

PER CURIAM:  Brandy L. Martin appeals her conviction of one count of unlawful distribution of methamphetamine. She claims the district court erred in denying her motion to suppress evidence resulting from a vehicle search that violated her rights under the Fourth Amendment to the United States Constitution. The State responds that because Martin pleaded no contest to the charge below, we lack jurisdiction to hear the appeal. For reasons explained below, we agree with the State and dismiss Martin's appeal.

1

On December 1, 2022, Jackson County Sheriff's Deputy Kendal Grimm was observing traffic in his patrol car when he saw a vehicle pass with window tint that appeared to be darker than the legal limit. Grimm initiated a traffic stop. Todd Ray was driving the vehicle and Martin was the lone passenger. Grimm checked both Ray's and Martin's driver's licenses and found that both were suspended. Grimm gave Ray a citation for the illegal window tint and informed him and Martin that they were free to leave, but neither could drive the vehicle away because of their suspended licenses.

Grimm asked Ray if he could continue talking to the pair and Ray consented. After some conversation, Grimm asked Ray and Martin to exit the vehicle while he deployed his K9 drug sniffing dog, which was already on site. The dog alerted to the presence of narcotics in the vehicle. Grimm searched the vehicle and found a crystal substance along with a bong and razor blades in the trunk. A field test and subsequent KBI testing on the substance showed that it was methamphetamine. Near the bag of methamphetamine were two debit cards and a card for a casino in Martin's name. The entire stop was recorded on Grimm's body camera.

The State initially charged Martin with one count of unlawful distribution of methamphetamine and one count of possession of drug paraphernalia. Martin moved to suppress evidence resulting from the K9 sniff and subsequent search, but that motion is not part of the record on appeal. The district court heard the motion on July 11, 2023, where Martin argued that Grimm lacked probable cause to have his K9 unit sniff search the vehicle after the stop had concluded. The State called Grimm who testified to the facts above. The district court admitted into evidence photographs from the search, a copy of the citation given to Ray, and Grimm's body cam footage. The district court took the matter under advisement and issued an order on July 12, 2023, denying Martin's motion. The district court found that even though the stop had concluded and Ray and

Martin were free to leave, the car was unoccupied on a public road and could not be driven and was thus subject to a "free air sniff" from the K9.

The case did not progress to trial and instead Martin pleaded no contest to one count of unlawful distribution of methamphetamine in exchange for dismissal of the other count. Neither the plea agreement nor a transcript of the plea hearing is part of the record on appeal. On January 26, 2024, the district court granted a downward durational departure and sentenced Martin to 24 months' imprisonment with 24 months' postrelease supervision. Martin timely appealed the district court's judgment.

ANALYSIS

Martin's sole claim on appeal is that the district court erred in denying her motion to suppress evidence resulting from the K9 sniff and subsequent search of the vehicle. The State counters that we lack jurisdiction to hear Martin's claim because she waived her right to challenge her conviction by pleading no contest to unlawful distribution of methamphetamine. Martin replies that we have jurisdiction to hear her appeal.

The right to appeal is statutory and is not contained in the United States or Kansas Constitutions. *State v. Thurber*, 313 Kan. 1002, 1007, 492 P.3d 1185 (2021). The Kansas Constitution states that the Kansas Supreme Court "shall have . . . such appellate jurisdiction as may be provided by law." Kan. Const., art. 3, § 3. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes, with some exceptions. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021). Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

K.S.A. 22-3602(a) provides: "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere,

3

except that jurisdictional or grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507." Martin pleaded no contest to unlawful distribution of methamphetamine. On appeal, she is trying to attack her conviction, not her sentence, by arguing that the district court erred in denying her motion to suppress. Thus, under the plain meaning of the statute, we lack jurisdiction to hear Martin's appeal under K.S.A. 22-3602(a).

Even so, Martin claims that her plea does not deprive this court of jurisdiction. The parties dispute the meaning of our Supreme Court's language in *State v. Kelly*, 295 Kan. 587, 592, 285 P.3d 1026 (2012). *Kelly* focused on whether the contemporaneous objection requirement was satisfied when Kelly filed a pretrial motion to suppress and then went to trial on stipulated facts. In reaching its conclusion that the requirement was satisfied under those circumstances, the court opined that if Kelly had waived a trial altogether by way of a guilty or no-contest plea, then he would have no right to appeal the suppression issue at all. 295 Kan. at 592 ("In contrast, had Kelly waived his right to a jury trial by entering a guilty or no contest plea, he would have waived his right to appeal most issues relating to his convictions, including the suppression issues.").

The State takes this language from *Kelly* to show that Martin's no-contest plea precludes her from appealing the district court's ruling on her motion to suppress. Martin argues that *Kelly* does not apply because the district court heard her motion to suppress in a complete hearing and therefore "all fact determinants of the Trial Court are of record necessary to determine [her] Suppression Motion; and that all of her Appellant's [*sic*] claims may be determined as a matter of law on appellate review." But Martin ignores that jurisdiction is a statutory creature that cannot be invoked by mere convenience. Although the record may contain enough substance for us to hear the merits of her claim on appeal, that convenience alone does not change the language in K.S.A. 22-3602(a) prohibiting such an appeal after a no-contest plea.

4

Martin also briefly argues that "she has shown that on this record that her 'voluntary plea' was made under sufficient duress to permit the Appellate Court to nevertheless determine her Motion to Suppress . . . ." Martin suggests that she pleaded no contest to the State's amended complaint to reduce the risk of a higher potential sentence if she had ostensibly gone to trial. Martin does not provide any legal support for her argument that agreeing to a plea offer for a chance at a lesser sentence constitutes duress. In fact, the potential for reduced charges and lessor sentences are often the core purpose of plea agreements. See *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) ("Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process."). On that ground alone, without any support, Martin fails to show duress.

More importantly, Kansas law is clear that a defendant cannot appeal a conviction following a guilty or no-contest plea without first moving to withdraw the plea. See *State v. Solomon*, 257 Kan. 212, Syl. ¶ 1, 891 P.2d 407 (1995). Martin made no attempt to withdraw her no-contest plea, and we cannot consider her claims on appeal.

In short, Martin pled no contest to one count of unlawful distribution of methamphetamine. That plea triggered the K.S.A. 22-3602(a) prohibition against appealing her conviction. We lack jurisdiction to hear Martin's sole claim on appeal.

Appeal dismissed.