NOT DESIGNATED FOR PUBLICATION

No. 120,716

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEPHEN DOUGLAS WHITE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed November 15, 2019. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Darrin C. Devinney*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: Stephen Douglas White appeals the district court's denial of his K.S.A. 60-1507 motion, alleging that both his trial and appellate counsel were ineffective. White argues the district court erred because his trial counsel misled and coerced him into entering a plea and his appellate counsel wrongly failed to raise the issue of his unknowing and involuntary plea in his direct appeal. After a careful review of the record, we disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

As part of a plea agreement with the State, White pled no contest to one count of rape of a child under 14 years of age. In exchange for White's plea, the State agreed to dismiss two additional counts of rape, not oppose a departure sentence from a Jessica's Law off-grid sentence to an on-grid sentence, and stand mute on a further durational departure motion. At the plea hearing, the district court asked if White understood his possible sentence. White responded, "Twenty-five to life, Your Honor." The district court also discussed with White the possible sentences if the requested departures were granted. During his colloquy with the district court, White responded that he understood the terms of his plea, had entered into the plea knowingly and voluntarily, and was satisfied with the services of his trial counsel. The district court accepted White's plea and found him guilty.

Before sentencing, White moved for a departure to the sentencing grid and a further durational departure. At sentencing on March 6, 2012, the district court denied White's motion and sentenced him to life imprisonment with the possibility of parole after 25 years. White appealed, and our court summarily affirmed White's sentencing appeal. *State v. White*, No. 108,349 (order dated January 9, 2013) (Kan. App.) (unpublished).

White filed his K.S.A. 60-1507 motion on April 10, 2015, arguing that his trial and appellate counsel were both ineffective. While acknowledging the tardiness of his motion as beyond the one-year time limit, White argued manifest injustice allowed the district court to consider its merits because his appellate counsel did not file a petition for review and did not inform him that the mandate for his direct appeal had been issued.

White also alleged his trial counsel had misinformed him about his possible sentence by telling him his presumptive sentence was "25 to life" rather than life with a

2

mandatory minimum of 25 years. White further alleged his trial counsel told him he would not take White's case to trial or cross-examine the victim. White claimed he had no choice but to accept the plea agreement. Finally, White asserted his appellate counsel was also ineffective because counsel failed to argue on his direct appeal that White's plea was involuntary.

The district court dismissed White's motion as untimely. White appealed, and another panel of our court affirmed. *White v. State*, No. 114,284, 2016 WL 3202889 (Kan. App. 2016) (unpublished opinion). The Kansas Supreme Court granted review and remanded the case to the district court to reconsider the second *Vontress* factor, *White v. State*, 308 Kan. 491, 511, 421 P.3d 718 (2018), namely whether "the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration." *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

On remand, White's trial counsel testified at the evidentiary hearing before the district court that he destroyed White's case file and was working from a reconstructed file using material provided by the State. Counsel remembered that White's statements to the police largely supported the victim's statements and, in light of the evidence, counsel's strategy was to do everything possible to avoid a life sentence for White. Counsel did not remember exactly when he spoke with White about a plea agreement but was sure they spoke early in the process. He told White that his presumptive sentence was 25 to life— by which he meant White would serve a minimum of 25 years. Counsel did not believe he told White that he would not represent him at trial but may have told White he was not looking forward to cross-examining the victim, not that he would not do it.

White testified he did not remember any discussions he had with trial counsel about trial strategy, nor did he remember when counsel started discussing the possibility of a plea agreement with him or when he entered into the plea agreement. White admitted that trial counsel explained what the plea might do, but he did not remember the

3

conversation. Nevertheless, White claimed that counsel told him he could shred the victim to pieces on cross-examination but refused to do so. White also testified that trial counsel told him to "just take the plea agreement and agree with everything the Judge said." White did not remember trial counsel advising him about his possible sentence. Regarding his appeal, White testified he never had any contact with the Appellate Defender's Office and claimed appellate counsel did not appeal the issues he wanted appealed.

Appellate counsel testified about his handling of White's direct appeal. Counsel filed a motion for summary disposition of the sentencing appeal and believed he raised a parole issue but could not be sure. Appellate counsel did not remember any discussions with White about his appeal and admitted he should have challenged the district court's denial of a departure from White's Jessica's Law sentence.

The district court denied White's motion, crediting trial counsel's testimony and finding White's testimony not credible. The district court determined White was not coerced or misled into accepting the plea agreement and that trial counsel telling White he would face "25 to life" was not prejudicial because White clearly knew he would serve at least 25 years in prison. The district court also found that while White's appellate counsel was deficient for failing to raise White's plea issues, White had failed to establish prejudice as there was no reasonable probability that the direct appeal on this issue would have been successful or achieved a different ultimate result. The district court held White was not entitled to relief for ineffective assistance of trial or appellate counsel and denied his 60-1507 motion.

White timely appeals.

4

## DID THE DISTRICT COURT ERR BY DENYING WHITE'S K.S.A. 60-1507 MOTION?

### A.    *Claim of Ineffective Assistance of Trial Counsel*

White attempts to recast his first issue on appeal as "Whether Defendant's Plea was Involuntary" and asks us to analyze this issue as though it arrived here on a motion to withdraw his plea for not being knowing and voluntary. The State obliges by providing us with the standard of review and the law concerning a denial of a postsentencing motion to withdraw a plea. But since the record in this case does not contain a motion to withdraw White's plea, his K.S.A. 60-1507 motion cannot be read to include one, nor does White claim one existed. Generally, an issue not raised below cannot be raised on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015).

But White's first issue essentially survives anyway because a reading of his argument reveals—though cloaked in involuntary plea language—that he takes issue with the district court's determination that his trial counsel was effective. In essence, White argues his trial counsel was ineffective, rendering his no-contest plea unknowing and involuntary. As White's claim of ineffective assistance of trial counsel was raised below, it may be argued on appeal. Regardless of whether White's argument is one for ineffective assistance of counsel or involuntary plea, the relief he seeks remains the same—the withdrawal of his no-contest plea.

"Ineffective assistance of counsel claims involve mixed questions of law and fact. An appellate court reviews the district court's factual findings for substantial competent evidence and its legal conclusions de novo." *Miller v. State*, 298 Kan. 921, 928, 318 P.3d 155 (2014). "'Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion.'" *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

5

The Sixth Amendment to the United States Constitution guarantees all criminal defendants "the right to reasonably effective assistance of counsel." *Miller*, 298 Kan. at 929. This right "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). To set aside a guilty or no-contest plea for ineffective assistance of counsel, a criminal defendant must prove two elements. "[T]he defendant must show that counsel's performance fell below the standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Solomon*, 257 Kan. 212, 223, 891 P.2d 407 (1995) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 [1985]).

When considering whether counsel's performance was deficient, the court must inquire "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel has the duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." 466 U.S. at 688. When assessing attorney performance, courts must strive "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689. Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689.

White claims his trial counsel coerced him into accepting the plea agreement by telling him that he would not cross-examine the victim or represent White at trial. White also argues his trial counsel misinformed him about the nature of his presumptive

6

sentence and because of his trial counsel's ineffective assistance, his plea was neither voluntary nor knowing. The State counters that trial counsel's representation was adequate and part of a strategy to secure the best possible outcome for White. The State also argues White was able to understand the nature of his sentence and was not prejudiced by trial counsel telling White his presumptive sentence was "25 to life."

Both White and his trial counsel testified at the K.S.A. 60-1507 hearing. White testified that he could not remember specific conversations with his trial counsel regarding his case but claimed his trial counsel informed him that he could "shred" the victim to "pieces" on cross-examination but would not do so. According to White, his trial counsel also told him he would not represent him at trial. White further claims his trial counsel's refusal to cross-examine the victim or represent White at trial was "effectively a threat" that White would not have "zealous" representation at trial. According to White, this left him with no choice but to accept the plea agreement.

Trial counsel admitted that while he could not remember the exact specifics of the conversation and that he probably told White he was reluctant to cross-examine the victim, if the case had gone to trial he would have represented White and he would have cross-examined the victim. Finally, trial counsel disputed White's assertion that he coerced White into accepting the plea agreement, noting that it was entirely White's decision.

The district court accepted trial counsel's testimony as credible and rejected White's, finding that much of what White claimed to remember was directly prompted by his attorney's leading questions. We must accept the district court's judgment on this testimony. See *State v. Schaefer*, 305 Kan. 581, 594, 385 P.3d 918 (2016) (appellate court does not reweigh witness credibility). Thus, we see no evidence of improper coercion by trial counsel for White to accept the plea agreement.

White also claims his trial counsel misled him by telling him that his presumptive sentence was "25 to life" instead of life in prison with a possibility of parole after 25 years. White argues this misled him into believing that he could be sentenced to less than life in prison.

When asked by the district court at his plea hearing what he understood his possible sentence to be, White stated "25 to life" as his presumptive sentence if his departure motions were not granted. The district court did not correct him. Trial counsel did not dispute he told White his presumptive sentence was "25 to life" but asserted the discussion regarding White's sentence showed that "25 to life" meant life with the possibility of parole after 25 years.

But even if trial counsel misinformed White, merely stating an inaccurate sentence does not render counsel's performance objectively unreasonable. "Defense counsel has an obligation to advise a defendant as to the range of permissible penalties and to discuss the possible choices available to the defendant. A mere inaccurate prediction by defense counsel, however, does not constitute ineffective assistance of counsel." *Solomon*, 257 Kan. at 223. White still knew his maximum possible sentence was life in prison and knew he faced a minimum of 25 years in prison.

The district court found trial counsel's performance was not deficient. Counsel worked hard to help White secure the best possible outcome in light of the fact that White had confessed to the police. Counsel's work resulted in the State dismissing two of the three rape counts, and he also negotiated an agreement where the State would not oppose a motion to depart from an off-grid sentence to a grid sentence and would stand mute on a further downward durational departure motion. The district court found that trial counsel's motion was a well-written advocacy on behalf of his client and "[t]he fact that the sentencing court rejected the departure requests and ultimately imposed a Jessica's

8

Law life sentence does not render his counsel's assistance to be deemed legally ineffective under the standards [of *Strickland*]."

White must also show that, but for trial counsel's errors, he would not have pled guilty and "would have insisted on going to trial." See *State v. Adams*, 297 Kan. 665, 672, 304 P.3d 311 (2013); *Solomon*, 257 Kan. at 223. When reviewing White's motion, the district court found that both of our appellate courts had the opportunity to review whether trial counsel misled White regarding his presumptive sentence, and both held White had not been materially misled. Our court's panel observed that "White was 68 years old when he entered his plea. . . . Actuarially and practically, given his age, White reasonably had to recognize he would spend the rest of his life in prison were his request for a departure sentence denied." *White*, 2016 WL 3202889, at *5. The district court correctly found that nothing in White's motion or in the record indicated with a reasonable probability that the outcome would have been different if trial counsel had performed his duties differently. White fails to show that, but for counsel's advice, he would have insisted on going to trial.

The performance of White's trial counsel was reasonable under the circumstances. He did not coerce or misinform White into accepting the plea agreement, and White's plea was knowing and voluntary. We find White's trial counsel was not ineffective.

B.      *Claim of Ineffective Assistance of Appellate Counsel*

White also claims his appellate counsel in his direct appeal was ineffective. White argues that because he has made a legitimate claim that his plea was unknowingly and involuntarily made, his appellate counsel's failure to raise this issue on appeal prejudiced him. The State argues White cannot show prejudice because both our court and the Supreme Court have reviewed White's plea and determined that White was not materially misled.

9

To prove ineffective assistance of appellate counsel, White must establish: "(1) His appellate counsel's performance was deficient; and (2) this deficient performance prejudiced his direct appeal." *Miller*, 298 Kan. at 929. To prove his appellate counsel's performance was deficient, White must show counsel's actions "'fell below an objective standard of reasonableness.'" 298 Kan. at 931. Deficient performance prejudices an appeal when "there is a reasonable probability that, but for the deficient performance, the appeal would have been successful." 298 Kan. at 934. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

At White's K.S.A. 60-1507 evidentiary hearing, appellate counsel admitted he should have raised issues that he did not. Given this admission, the district court found "in that narrow respect, appellate counsel's performance is deemed to be deficient." The State acknowledges the district court's finding in its brief and does not dispute that appellate counsel's performance was deficient under the *Strickland* test. See 466 U.S. at 687. Because neither side disputes the district court's finding on this point, we accept it for the purposes of this appeal and move to *Strickland*'s second prong. See 466 U.S. at 697 (courts may dispose of ineffective assistance of counsel claims solely on the second prong if the defendant cannot show prejudice).

White's only argument on whether appellate counsel's performance prejudiced him is that because he had a legitimate claim that his plea was unknowing and involuntary, appellate counsel's failure to raise this issue on direct appeal somehow prejudiced him. In other words, according to White, because he has shown deficient performance by his appellate counsel, he has also shown prejudice. We disagree.

As the district court noted, both of our appellate courts took the opportunity to consider "this '25 to life' issue" and whether it affected White's plea. The district court found that "[t]o a certain extent, White has received appellate review on this issue, and

10

the Court of Appeals and the Kansas Supreme Court have agreed White was not materially misled by his imprecise understanding." When reviewing White's appeal on whether he could file his K.S.A. 60-1507 motion out of time, a panel of this court found that while the district court's discussion with White regarding his possible sentence may have been "technically amiss," White was "not materially misled during the plea hearing or not in a manner rising to manifest injustice." *White*, 2016 WL 3202889, at *4, 5. The Kansas Supreme Court agreed with the panel's legal conclusions that the district court did not materially mislead White and no manifest injustice occurred. *White*, 308 Kan. at 510.

White has pointed to no evidence or argument that but for his appellate counsel's failure to raise the validity of his plea on direct appeal, there is a reasonable probability that White would have succeeded. In fact, every court that has considered White's arguments regarding his plea has rejected them. White's appellate counsel was not ineffective.

The district court did not err in denying White's 60-1507 motion.

Affirmed.