NOT DESIGNATED FOR PUBLICATION

No. 124,323

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL C. WILLIAMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed August 26, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Michael C. Williams timely appeals the summary denial of his K.S.A. 60-1507 motion, claiming both his plea and sentencing counsel were ineffective for failing to advise him of the lifetime registration requirements associated with his aggravated kidnapping conviction. Williams admits he knew he had to register prior to entering his plea. We hold the fact registration was for his lifetime is a collateral consequence of his plea, not a penalty as a result of his conviction. Accordingly, we find nothing in the record reflects his plea or sentencing counsel provided ineffective assistance. We affirm.

1

In September 2015, the State charged Williams with first-degree felony murder, an off-grid person felony, and abuse of a child, a severity level 5 person felony. Just over a year after the State charged Williams, he filed a pro se motion asserting ineffective assistance of counsel, claiming a conflict of interest with his attorney. The district court conducted a hearing on Williams' motion, which alleged his trial counsel belittled him, threatened him with a long prison sentence, used racial slurs, and walked out on him during a meeting. Counsel responded Williams was facing a lifetime prison sentence for felony murder with parole eligibility after 25 years. Counsel also explained to Williams his sentence would more probably than not turn into a life imprisonment sentence because the Kansas Parole Board is generally not inclined to grant parole after the completion of the minimum 25-year sentence for a first-degree felony murder conviction. The district court denied Williams' motion, finding it was more probably true than not his counsel did not say the things Williams claimed.

Williams continued filing multiple pro se motions, including another claim of ineffective assistance of counsel. The district court determined there was no material change in circumstances since the previous ineffective assistance of counsel claim and denied the motion.

As the case proceeded with his counsel, Williams entered into a plea agreement and pled guilty to an amended complaint of second-degree murder and aggravated kidnapping, both severity level 1 person felonies. In exchange for Williams pleading guilty to both crimes, the plea agreement provided:

- The State agreed to recommend the mid-sentence number on the second-degree murder charge and the low sentence number on the aggravated kidnapping charge;

- Williams was free to argue for concurrent sentences;
- The State would recommend consecutive sentences; and
- Williams could not seek a dispositional or durational departure.

At the plea hearing, the district court determined Williams fully understood and appreciated the seriousness of the proceedings and had a complete understanding of the nature of the charges he was pleading to. Williams affirmatively told the district court he had a chance to visit with his attorneys about the charges he was pleading to and there was no reason the district court should refuse to accept his guilty pleas. The district court acknowledged Williams' prior allegations against his counsel and asked Williams if the complaints about the way his attorneys represented him impacted his decision to plead guilty. Williams responded, "No."

Williams also indicated he understood the sentencing court was not bound by the plea agreement and could impose the same punishment as if a jury had convicted him. Williams acknowledged he read the acknowledgment of rights and entry of plea as well as the plea agreement before signing the documents. Williams stated he reviewed the documents with his attorneys, who were available to answer any questions. The district court ultimately found a factual basis existed for both counts—second-degree murder and aggravated kidnapping—and Williams made his pleas freely and voluntarily. The district court explained:

> "Well, Mr. Williams, in a minute I'm going to accept your guilty pleas. You know, it's obvious from body language that this is a difficult decision for you. And it's an important decision. I don't want you to feel rushed, and I don't want you to feel like we have to do this today; it's been added onto the docket. And, you know, if this is the decision you want to make, sometimes it doesn't get any easier to make hard decisions. It's just one of those things you've got to do. But before I take your guilty plea, is this what you want to do?"

Williams answered, "Yes."

Williams pled guilty to both charges and acknowledged he would have to register as a violent offender. A few days after entering his pleas, Williams filed pro se a motion for dismissal, a motion to withdraw plea, and a motion to dismiss for ineffective assistance of counsel. The motions all largely set forth the same allegations: Counsel refused to go to trial, told him to lie to the district court, coerced and tricked him to take the plea agreement, and withheld evidence from him. Williams also accused one plea counsel of sexual misconduct. The district court appointed Williams new counsel before conducting a hearing on the motion to withdraw plea. During the hearing, with the aid of his new counsel, Williams withdrew his motion to withdraw plea.

The district court sentenced Williams to 195 months' imprisonment for second-degree murder and 147 months' imprisonment for aggravated kidnapping, with the sentences to run consecutive for a total term of 342 months. The district court noted Williams' duty to register but did not mention the length of his required registration. The journal entry of judgment correctly reflected the registration requirements for each conviction.

Williams appealed his sentences, and a panel of our court issued an order under Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), summarily affirming in part and dismissing in part for lack of jurisdiction. Williams' petition for review to our Supreme Court was denied.

Williams then filed another pro se K.S.A. 60-1507 motion alleging an unduly harsh and/or excessive sentence, an unlawful sentence, and that both plea counsel and sentencing counsel failed to adequately represent him. Counsel was appointed to represent him.

The district court conducted two status conferences and ultimately determined the files and records of the case conclusively showed Williams was not entitled to relief and there was no need for an evidentiary hearing. The district court summarily denied Williams' K.S.A. 60-1507 motion, finding:

- Williams was repeating his arguments from his direct appeal and was barred by the doctrine of res judicata;
- there was nothing harsh or excessive about his sentence;
- Williams' pleas allowed him to avoid a lifetime prison sentence; and
- his sentencing counsel did, in fact, argue for concurrent sentences at the sentencing hearing despite Williams' contrary allegations.

ANALYSIS

*Williams' K.S.A. 60-1507 Motion Did Not Merit an Evidentiary Hearing*

On appeal Williams has reduced the five claims from his K.S.A. 60-1507 motion to one—both plea and sentencing counsel misled Williams about the plea agreement because they failed to tell Williams his aggravated kidnapping conviction required lifetime offender registration. Williams argues he was entitled to an evidentiary hearing on his claim of ineffective assistance of both plea counsel and sentencing counsel for not advising him, or misadvising him, of the lifetime registration requirement for an aggravated kidnapping conviction. Williams acknowledges the record reflects he was told he would have to register as a violent offender but now claims he did not know it would require lifetime registration.

The State responds, arguing registration under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., was a collateral consequence of his conviction and

5

even a complete failure to advise him of the requirement to register does not constitute ineffective assistance of counsel.

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

Williams suggests the district court essentially exercised the third option because the alleged facts did not appear in the original record and, if true, would entitle him to relief. The State, on the other hand, responds the district court determined Williams' K.S.A. 60-1507 motion, files, and case records conclusively showed he was not entitled to relief and correctly denied the motion without an evidentiary hearing. The State's argument is more persuasive.

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Here, Williams, as the movant, bears the burden to establish his K.S.A. 60-1507 motion warrants an evidentiary hearing by alleging more than conclusory contentions. See *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

A district court must set aside a movant's conviction or sentence if "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the

6

judgment vulnerable to collateral attack." K.S.A. 2021 Supp. 60-1507(b). The right to *effective* counsel is embodied in the Sixth Amendment to the United States Constitution and "plays a crucial role in the adversarial system." *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland*).

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

A reviewing court strongly presumes counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. "When . . . the conduct at issue preceded a guilty plea, prejudice means a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea." *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). Once again, Williams has the burden as the movant to establish counsel's representation fell below an objective standard of reasonableness viewed at the time of counsel's conduct. See *Strickland*, 466 U.S. at 687-88, 690.

Williams argues his counsel failed to advise him that he would be required to register as a violent offender for life before he pled guilty to aggravated kidnapping and before his sentencing counsel convinced him to withdraw his motion to withdraw plea. Williams contends the plea agreement broadly stated his conviction required him to register as a violent offender but did not set out it would be for his lifetime. Williams acknowledges the State's original charge of first-degree murder would have required him to register as a violent offender for 15 years. See K.S.A. 2015 Supp. 22-4906(a)(1)(F).

Even after pleading down to second-degree murder, Williams was still required to register for 15 years. See K.S.A. 2015 Supp. 22-4906(a)(1)(G).

Williams argues the original charge of child abuse would not have required him to register as an offender, whereas the aggravated kidnapping charge to which he pled as a condition of the plea agreement required lifetime offender registration. See K.S.A. 2015 Supp. 22-4906(a) and (d)(10). The record is clear Williams was aware he had to register as a violent offender, but the record is unclear as to whether he knew the aggravated kidnapping conviction required lifetime registration. Williams cites authority from other jurisdictions suggesting defense counsel was ineffective for failing to inform him of the lifetime registration requirements. However, those authorities are not binding on us.

Our Supreme Court explained:

"To set aside a guilty plea because ineffective assistance of counsel has rendered the plea involuntary, the defendant must show that counsel's performance fell below the standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'

"Defense counsel has an obligation to advise a defendant as to the range of permissible penalties and to discuss the possible choices available to the defendant. [Citations omitted]." *State v. Solomon*, 257 Kan. 212, 223, 891 P.2d 407 (1995).

Our Supreme Court has repeatedly held that the Legislature did not intend for KORA provisions to be punishment but, rather, nonpunitive and civil in nature. *State v. Meredith*, 306 Kan. 906, 911, 399 P.3d 859 (2017). "In distinguishing direct consequences from collateral consequences of a plea, a test used by our court asks "'whether the consequences imposed are a definite, immediate, and largely automatic result of the guilty plea."' [Citations omitted.]" *State v. Moody*, 282 Kan. 181, 195, 144 P.3d 612 (2006). Another panel of our court found a defense attorney's failure to inform

his or her client of the collateral consequences arising from a plea agreement does not amount to constitutionally deficient representation. *State v. Barahona*, 35 Kan. App. 2d 605, 612, 132 P.3d 959 (2006). We agree. Williams needed to be informed of only the direct consequences of entering his plea agreement and resulting pleas. See *Moody*, 282 Kan. at 194-95.

Williams has failed to show his K.S.A. 60-1507 motion warranted an evidentiary hearing and has failed to establish plea and sentencing counsels' representation fell below an objective standard of reasonableness. The duty to register is civil in nature and is a collateral consequence of Williams' conviction. Plea and sentencing counsel were only required to discuss direct penal consequences, not the civil registration penalty. Even if counsel failed to advise Williams of the collateral consequences—including lifetime offender registration—arising from his plea, that failure does not amount to constitutionally deficient representation. See *Barahona*, 35 Kan. App. 2d at 612.

Further, to prove ineffective assistance of counsel, there must be a reasonable probability that, but for counsel's ineffectiveness, Williams would have insisted on going to trial. See *State v. Adams*, 297 Kan. 665, 672, 304 P.3d 311 (2013). Williams does not clearly make such assertion in his K.S.A. 60-1507 motion. Williams' guilty pleas allowed him to avoid imprisonment for life with a minimum mandatory term of 25 years. We are not persuaded Williams would have risked a lifetime prison sentence by going to trial if he, instead, could serve a definitive prison sentence followed by lifetime offender registration. We observe nothing in the record to reflect Williams' decision to plead guilty would have changed had either his plea or sentencing counsel specifically advised him his registration requirement would be for his life as a collateral consequence he faced upon pleading guilty to aggravated kidnapping.

Williams also incidentally notes the district court, during a presentencing hearing, misstated that Williams was facing a hard 50 life sentence rather than a hard 25 life

9

sentence if convicted of first-degree murder. We observe nothing in the record reflecting this misstatement had any bearing on Williams' decision to plead guilty under the plea agreement, given the goal of the plea agreement was to avoid imprisonment for life with a minimum mandatory term of 25 years in exchange for a grid sentence and registration.

Affirmed.