(125 P.3d 584)

No. 93,234

STATE OF KANSAS, *Appellee*, v. JUANEL DELON LOCKE, *Appellant*.

—

Opinion filed January 6, 2006.

*Nathan B. Webb*, assistant appellate defender, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before BUSER, P.J., MALONE and CAPLINGER, JJ.

MALONE, J.: Juanel Delon Locke appeals the district court's denial of his motion to withdraw his plea. Because the district court applied the wrong standard in considering Locke's motion, we reverse and remand for a proper determination of the motion.

The State charged Locke with aggravated burglary, aggravated intimidation of a witness, criminal threat, criminal restraint, do-

mestic battery, and criminal damage to property. Locke agreed to plead no contest to aggravated intimidation of a witness and criminal threat in exchange for dismissal of the other charges. The parties agreed upon a mid-box sentence, including a dispositional departure with assignment to the Community Corrections Residential Center.

At the plea hearing, the district court discussed the plea agreement with Locke and explained the rights Locke was waiving by changing his plea to no contest. Throughout the hearing, Locke indicated his reluctance to change his plea. Eventually, Locke agreed to plead no contest and the district court accepted the plea.

Prior to sentencing, Locke filed a motion "pursuant to K.S.A. 22-3210, for good cause shown," to permit him to withdraw his plea. The district court addressed the motion at Locke's scheduled sentencing hearing. Locke's attorney argued that a manifest injustice had occurred concerning Locke's plea. The district court also permitted Locke to address the court. Locke stated that he needed mental counseling; that his attorney had ignored requests to obtain a mental evaluation for Locke; that he did not want to enter the plea, but he cracked under pressure; and that he had been sick, throwing up, and losing weight at the time of the plea.

In responding to Locke's motion, the district court acknowledged that "there is a statute that allows the court to set aside that plea if there is a manifest injustice." The district court concluded that Locke had not "shown any reason other than [his] profession of innocence that would show why it's unjust for [his] original plea to be upheld." The district court denied Locke's motion to withdraw his plea. During sentencing, the district court again commented on Locke's request to withdraw his plea, stating, "[W]hen these decisions [plea agreements] are made, they're binding decisions unless there is some, you know, manifest injustice."

Pursuant to the plea agreement, the district court imposed a 27-month sentence and granted Locke a dispositional departure with placement at the Community Corrections Residential Center. Locke timely appeals.

The only issue on appeal is whether the district court erred by denying Locke's motion to withdraw his plea. The standard of re-

view regarding the district court's decision on a motion to withdraw a plea is abuse of discretion. See K.S.A. 2004 Supp. 22-3210(d). Generally, discretion is abused only when no reasonable person would take the view adopted by the district court. *State v. Bey*, 270 Kan. 544, 546, 17 P.3d 322 (2001). However, if a statutory right has been violated, the district court's discretion is limited. "Discretion must be exercised, not in opposition to, but in accordance with, established principles of law. It is not an arbitrary power." *Saucedo v. Winger*, 252 Kan. 718, 731, 850 P.2d 908 (1993).

Locke correctly asserts the district court applied the wrong standard in determining Locke's motion to withdraw his plea.

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2004 Supp. 22-3210(d).

Here, Locke filed his motion to withdraw his plea prior to sentencing and the district court heard the motion at sentencing. Therefore, Locke only needed to show "good cause" to withdraw his plea.

The district court, however, denied Locke's motion to withdraw his plea because Locke was unable to show "manifest injustice." There is no indication in the record that the district court even considered the "good cause" standard. The burden upon the defendant to show "good cause" is less than to show "manifest injustice." *State v. Solomon*, 257 Kan. 212, 219-20, 891 P.2d 407 (1995). Thus, a determination that Locke did not show manifest injustice does not preclude a showing of "good cause." By applying the wrong standard, the district court abused its discretion in denying Locke's motion to withdraw his plea.

The State contends that Locke invited the district court's error by arguing "manifest injustice" in the motion to withdraw and at the hearing on the motion. "A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Boorigie*, 273 Kan. 18, 27, 41 P.3d 764 (2002).

Indeed, Locke's motion to withdraw his plea did make a reference to a manifest injustice; however, the motion also requested

that Locke be permitted to withdraw his plea "pursuant to K.S.A. 22-3210, *for good cause shown.*" (Emphasis added.) Also, at the hearing Locke's attorney argued that a manifest injustice had occurred concerning the plea. However, the attorney never asserted that the district court should determine the motion under the "manifest injustice" standard. We conclude that Locke did not invite the district court to commit error.

Having found that the district court erred in considering Locke's motion to withdraw his plea, we must determine how to dispose of the case. It is not this court's function to review the record to determine if Locke established "good cause" to withdraw his plea. This judgment must be first exercised by the district court. Locke's brief requests that his "plea should be vacated and his case remanded for trial." However, such a disposition is presently unwarranted. Locke is only entitled to have the district court apply the correct standard in considering his motion. Accordingly, the case is remanded for a rehearing on Locke's motion to withdraw his plea, and the district court is directed to apply the correct standard in considering the motion.

Reversed and remanded with directions.