NOT DESIGNATED FOR PUBLICATION

No. 125,565

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HERBERT V. SORRELLS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Submitted without oral argument. Opinion filed June 21, 2024. Reversed and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, deputy district attorney, *Thomas R. Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before COBLE, P.J., SCHROEDER and CLINE, JJ.


PER CURIAM: Herbert V. Sorrells pleaded guilty to one count each of attempted murder in the second degree, aggravated battery, and aggravated assault. After the district court accepted his pleas, the State requested a notice of duty to register be issued. The district court agreed and instructed Sorrells to register as a violent offender. Before sentencing, Sorrells twice moved the court to withdraw his guilty pleas. After two separate nonevidentiary hearings, the district court denied both Sorrells' motions. Sorrells appeals the denial of the second motion. Because the district court failed to apply the

1

appropriate legal standard, we reverse the district court's decision and remand this matter for a new hearing on the motion to withdraw plea.

FACTUAL AND PROCEDURAL BACKGROUND

Based on the issues raised on appeal, a full recitation of the underlying facts related to Sorrells' criminal convictions is unnecessary. Briefly, after an altercation between Sorrells and a neighbor, a second neighbor responded to assist. Sorrells then got into his car and struck the second neighbor with his vehicle, causing the victim significant injuries.

Based on his interactions with the two neighbors, Sorrells was arrested and charged with one count of aggravated battery, one count of aggravated battery with a deadly weapon, and one count of aggravated assault with a deadly weapon. The State later amended the charges to one count of attempted murder in the second degree, one count of aggravated battery, one count of aggravated battery with a deadly weapon, and one count of aggravated assault with a deadly weapon. The State then sought to again amend the complaint to even more severe charges, including two counts of premeditated murder in the first degree and two counts of aggravated battery causing great bodily harm. Before the State amended the charges, though, Sorrells agreed to plead guilty to intentional attempted murder in the second degree (Count 1), aggravated battery with a deadly weapon (Count 3), and aggravated assault with a deadly weapon (Count 4). The State dismissed Count 2 as part of the plea agreement.

At the plea hearing, the district court engaged in a colloquy with Sorrells, advised him of his rights, and asked Sorrells if he acknowledged the terms of the plea. The district court found Sorrells freely and voluntarily entered the guilty plea. After the district court accepted the plea, the State requested a notice of duty to register be issued. The district

court agreed and instructed Sorrells to register as a violent offender. Sorrells was provided the notice of duty to register, which the district court signed.

Before sentencing, Sorrells moved the court to withdraw his plea, simply stating that he "changed his mind and want[ed] to go to trial," and "maintain[ed] his innocence in intentionally trying to hurt anyone." The district court held a nonevidentiary hearing on this motion. During the hearing, the district judge explained K.S.A. 22-3210, the good cause standard for withdrawing a plea before sentencing, and the factors for consideration under *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), noting that "changing your mind is not one of those factors." Sorrells said he "just misunderstood" the deal and wanted to go to trial so he could tell his side of the story. After finding a lack of good cause, the district court denied Sorrells' first motion to withdraw his plea.

A few days later, Sorrells' defense attorney moved to withdraw from the case. The district court appointed a new attorney for Sorrells to advise him on his desire to withdraw his plea. Although the filing date is unclear from the record, the parties do not dispute that sometime before sentencing, Sorrells' new attorney filed a second motion to withdraw his plea. In this motion, Sorrells insisted he entered the plea without being advised of the requirement that he register as a violent offender. Sorrells claimed he was only advised that he had to fill out a notice of duty to register after the plea and did not understand what the document meant at the time.

During the initially scheduled sentencing hearing, the district court addressed Sorrells' second motion to withdraw his plea. After hearing brief arguments from counsel, the court continued the hearing so it could review the record of the plea hearing. A few weeks later, the district court held another hearing to address the merits of Sorrells' second motion. The State argued the omission of the notice of duty to register did not "render [the] plea[] not understandingly made and the plea therefore didn't result in *manifest injustice* requiring a withdrawal of the plea," citing *State v. Johnson*, 307 Kan.

3

436, 410 P.3d 913 (2018). (Emphasis added.) The district court agreed with the State's argument, stating, "[S]o even if Mr. Sorrells' claim in his motion would be true it doesn't require a withdrawal of this plea" according to *Johnson*. The court asked Sorrells if he understood what would happen if his motion was granted. Sorrells stated that he did not have a criminal record and repeated his assertion that he wanted to go to trial because he did not intend to kill anyone. The district court repeatedly told Sorrells if he withdrew his plea, the State would file more severe charges—potentially attempted first-degree murder—so based on the record and the evidence, Sorrells could be facing a much more severe sentence. Ultimately, the district court denied Sorrells' second motion to withdraw his plea in the following final exchange:

"THE [JUDGE]: So if [the prosecutor] is going to have to go to a jury trial and prove an attempted murder, okay, tell me any reason why he would want to go up there and just try you on an attempted second degree murder when it doesn't cost him a single penny more or single bit more effort to try you for attempted first degree murder. It's the same case. He's got the same evidence. He has the same amount of time and energy involved, same witnesses so he's going to, so I can't believe that, I mean, unless [the prosecutor] does not have a brain the size of a grape which I think he does have one larger than a grape, unless he doesn't have a brain the size of a grape he's going to file the attempted first degree murder charge against you. Do you understand that?

"A. Yes, sir.

"THE COURT: Do you want to go to trial on attempted first degree murder?

"A. Yes, I will.

"THE COURT: You want to?

"A. Yes, I'm not a killer. The record, my record shows I don't have a criminal record.

"THE [JUDGE]: And it looked to me, like, you tried to kill these two men on purpose.

"A. No, I did not.

"THE COURT: You know what? It doesn't matter what you think, matters what the jury thinks. You understand that?

"A. Yes, sir.

4

"THE COURT:  What's the State's preference on the motion to withdraw plea?

"[THE PROSECUTOR]:  Well, Your Honor, I want to get this case over with for [the victim]'s sake and want to go to sentencing. If the Court grants his motion to withdraw I'd be happy to go to trial on what I had attempted to amend the case to prior.

"THE COURT:  All right. [defense counsel], what's the defendant's request at this point?

"[DEFENSE COUNSEL]:  I have counseled Mr. Sorrells that I do not believe it's in his best interests to withdraw his plea but that is his desire.

"THE COURT:  Okay, so that's your decision, Mr. Sorrells, so your attorney says, your attorney kind of agrees that it would be a bad idea for you to do this, you understand?

"A.  Yes, sir.

"THE [JUDGE]:  And I, just from knowing what I know about the case and I saw the video. I heard the preliminary hearing. I think it would be a bad idea for you to withdraw your plea. Frankly, I don't believe that you have justification to withdraw your plea so I'm going to deny the motion.

"Now we're ready for sentencing."

The district court sentenced Sorrells to 87 months in prison.

Sorrells timely appeals.

THE DISTRICT COURT ERRED IN ITS DENIAL OF SORRELLS'
MOTION TO WITHDRAW GUILTY PLEA

On appeal, Sorrells argues the district court did not apply the correct legal standard when deciding his second motion to withdraw his plea.

*Applicable Legal Principles*

Although K.S.A. 22-3602(a) broadly prohibits an appeal "from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere," it does not

5

preclude an appeal from the district court's denial of a motion to withdraw a plea under K.S.A. 22-3210(d). *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020) (stating Court of Appeals will have jurisdiction to consider appeal from district court denial of defendant's motion to withdraw plea).

"A plea of guilty . . . for *good cause* shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." (Emphasis added.) K.S.A. 22-3210(d)(1). After sentencing, though, the standard for withdrawing a guilty plea is more stringent, as a defendant must meet a "manifest injustice" standard rather than "good cause." K.S.A. 22-3210(d)(2) ("To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea.").

When determining whether a defendant has shown good cause to withdraw their presentence plea, a district court generally looks to the following three *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the "court should not ignore other factors that might exist in a particular case." *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016); see *Frazier*, 311 Kan. at 382 (noting "[p]lea bargaining agreements are akin to civil contracts" and applying contract principles to the good cause showing).

Generally, appellate courts review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *Frazier*, 311 Kan. at 381. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2)

6

it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

### *The District Court Abused Its Discretion by Applying the Incorrect Legal Standard*

Sorrells does not renew his argument from below that he had good cause to withdraw his guilty plea—that he was not informed of his duty to register before entering the plea. Instead, on appeal he claims only that the district court did not apply any legal standard at all and erroneously substituted its own judgment to deny the motion. By doing so, Sorrells argues the district court abused its discretion by failing to apply the correct legal standard. Because Sorrells only asserts that the district court's decision was based on error of law, we do not review the district court's decision for an error of fact or whether it was arbitrary, fanciful, or unreasonable. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (Issues not adequately briefed are deemed waived or abandoned.).

The State responds that the district court did apply the correct legal standard—good cause. The State concludes that Sorrells' motion to withdraw his plea does not meet the good cause standard under the first two *Edgar* factors because he was represented by competent counsel, entered the plea knowingly and voluntarily, and was not coerced or misled. But the State neglects to discuss the third factor, which is whether the plea was fairly and understandingly made. *Edgar*, 281 Kan. at 36.

The State correctly points out that the district court did identify the "'good cause'" legal standard and recognized the *Edgar* factors during the earlier hearing. But the district court's mention of these legal standards occurred during the hearing on Sorrells' first motion to withdraw his plea—not the sentencing hearing where the district court denied

7

Sorrells' second motion. During that first hearing, Sorrells did not argue lack of notice regarding the requirement to register as a violent offender or that he had good cause for withdrawing his plea. Sorrells' first attorney merely said Sorrell had "changed his mind and decided he wants to go to trial." Based on that reasoning, the district court denied his first motion, finding Sorrells failed to show good cause.

Sorrells' newly appointed defense counsel then filed a second motion to withdraw his plea. Only in this second motion did Sorrells argue that he was not advised of the requirement to register as a violent offender until after entering his plea. In this motion, he claimed he entered the plea unknowingly and wished to withdraw it.

During the hearing when the district court addressed Sorrells' second motion, the State offered as support our Supreme Court's holding in *Johnson*, 307 Kan. 436. The *Johnson* court held that in a postsentencing motion to withdraw plea, neither the trial court nor the defense counsel's failure to notify the defendant of a duty to register as a drug offender rendered the guilty plea not understandingly made, and thus did not amount to manifest injustice. 307 Kan. at 444. During the hearing, the district court accepted the State's presentation of *Johnson* without question and seemed to perhaps apply the *Johnson* legal standard—manifest injustice—to state, immediately after the State's mention of *Johnson*, "[S]o even if Mr. Sorrells' claim in his motion would be true it doesn't require a withdrawal of this plea."

Had the district court entirely relied on the legal standard in *Johnson*, such reliance would have been flawed. First, the *Johnson* court contemplated a postsentencing motion to withdraw a plea. 307 Kan. at 436. Here, Sorrells sought to withdraw his plea before sentencing, which requires the application of a different standard. Sorrells' motion should have been determined under a lesser good cause standard, not the more stringent standard of manifest injustice. See K.S.A. 22-3210(d)(1)-(2).

8

Moreover, it is not entirely apparent that the district court applied *any* specific standard when denying the motion. Although discussing the *Johnson* case with the State early in the hearing, ultimately, the district judge ruled, "I think it would be a bad idea for you to withdraw your plea. Frankly, I don't believe that you have justification to withdraw your plea so I'm going to deny the motion." No legal standard was examined in this short ruling—instead, the district court determined simply that Sorrells' desire to withdraw his plea was a bad idea. But whether Sorrells was exercising poor judgment or not—this is not the standard by which the district court is required to view such a motion.

Our Supreme Court has long held that a district court's failure to apply the appropriate legal standard in a plea withdrawal hearing is an abuse of discretion requiring reversal and remand. *State v. Aguilar*, 290 Kan. 506, 515, 231 P.3d 563 (2010); see also *State v. Garcia*, 295 Kan. 53, 63-64, 283 P.3d 165 (2012) (finding the district court abused its discretion because the court's ruling to deny the plea withdrawal may have been guided by an erroneous legal conclusion, and such uncertainty about the applied standard was enough to reverse its denial and remand for another hearing to apply the appropriate legal standard). And our appellate courts have held that whether a defendant's argument for withdrawing a plea amounts to good cause must be first decided by the district court. *State v. Herring*, 312 Kan. 192, 201, 474 P.3d 285 (2020); see also *State v. Locke*, 34 Kan. App. 2d 833, 836, 125 P.3d 584 (2006) ("It is not this court's function to review the record to determine if [defendant] established 'good cause' to withdraw his plea. This judgment must be first exercised by the district court."); *State v. Fritts*, No. 96,975, 2007 WL 2915605, at *2 (Kan. App. 2007) (unpublished opinion) ("Remand for a new hearing is necessary since this court has no evidence before it now that would allow an informed decision regarding the merits of the motion. At that hearing, the trial court should apply the appropriate 'for good cause shown' standard in determining whether [defendant] should be allowed to withdraw his plea.").

Whether the district court applied a manifest injustice standard, or simply no standard at all, because it failed to apply the proper legal standard in its decision, we find that the district court abused its discretion through an error of law. As a result, we reverse the district court's decision and remand the case for a new hearing on Sorrells' motion to withdraw his plea.

Reversed and remanded with directions.